Submitted on briefs September 16, affirmed November 25, 1924.

## S. A. KIDDER v. NATIONAL TIMBER & LUMBER CO.

(230 Pac. 1119.)

From Clackamas: J. U. CAMPBELL, Judge.

In Banc.

This was a suit to foreclose a logger's lien. The pleadings are in the usual form. The defense, in substance, is that, as to that portion of the work actually performed by plaintiff for defendant, plaintiff has been paid in full, and that the other work for which a lien was claimed was performed for another party and for this work defendant was not liable. There was also a counterclaim in the sum of $217.79, which defendant claims was overpaid to plaintiff by reason of a mistake in the computation of the amount due him for the work which he actually performed. The amount claimed by plaintiff in his lien and in the complaint was $232.36, with interest at the rate of 6 per cent per annum from November 3, 1922, the date of the completion of the alleged contract, until the filing of the complaint. The court fixed the amount of plaintiff's recovery at $194.86, with interest thereon from the date of filing the lien, and $75 attorney's fee. From a decree to the above effect defendant appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Mr. G. Evert Baker.*

No appearance by respondent.

McBRIDE, C. J.—The testimony in this case is very conflicting and we are disposed to accept the conclusions of the experienced and careful judge who heard the case with the advantage of seeing the witnesses and noting their demeanor while on the stand, rather than to attempt to substitute our judgment formed from a perusal of the testimony in cold type. If the testimony of plaintiff and his witnesses is true, and we accept it as such, plaintiff is entitled to recover. It is contended that some nonlienable items not included in plaintiff's contract are included in the lien, such as the value of a dog chain and choker, and some labor in hauling slabs, amounting to about $29, but these are easily segregated and no doubt were not allowed by the court.

The decree will be affirmed.           AFFIRMED.